Points decided.

[No. 1573.]

HARRIS LEWIS, RESPONDENT, v. EDWARD HYAMS, AND WILLIAM HYAMS, DEFENDANTS; WILLIAM HYAMS, PETITIONER.

PRACTICE—EXCEPTIONS—TIME OF TAKING. Under General Statutes, 3784, providing that, during the progress of a cause, a party may take his bill of exceptions to the rulings of the judge on points of law, an exception to a ruling granting a motion to strike out portions of the answer, taken three months after the trial, is not in time, and should be disallowed.

IDEM—STATEMENT—SETTLEMENT OF. A refusal to allow a petitioner his exceptions taken on the trial, in the settlement of his statement on motion for new trial, is proper, where the exceptions in the statement differ from those in the transcript of the proceedings made by the reporter, which petitioner refers to in his statement, makes a part of his petition to prove the exceptions, and introduces in evidence.

IDEM—IDEM—IDEM. On an application to prove exceptions, a claim that the reporter's transcript of the proceedings does not give correctly petitioner's exceptions taken at the trial is unsupported, where the transcript is accompanied by affidavits of the reporter and others present at the trial as to its correctness.

IDEM—IDEM—IDEM—REASONS FOR REFUSING INSTRUCTIONS. On application to prove exceptions to the refusal of instructions it is immaterial that the trial court struck out its reasons given for refusing the instructions in settling the statement on motion for new trial, where the statement shows that the instructions were refused and exceptions taken to the refusal.

IDEM—IDEM—IDEM. A contention that the court, in settling petitioner's statement on motion for new trial, refused to allow an exception to the refusal to give an instruction, cannot be sustained, where the court only changed the statement to conform it to the facts with respect to the instruction when it was refused.

IDEM—IDEM—IDEM. Where the petitioner has failed to comply with the provisions of section 3213 of the General Statutes, relative to the manner of taking exceptions, this court will not allow exceptions alleged to have been taken and refused where there is a conflict in the statement of witnesses based upon their memory of what occurred.

ORIGINAL PROCEEDING. Application by William Hyams to prove certain exceptions alleged to have been taken by him in the trial of the case of Harris Lewis against Edward Hyams and petitioner. Dismissed.

The facts sufficiently appear in the opinion.

*Milton S. Eisner, Trenmor Coffin* and *F. M. Huffaker,* for
Petitioner:

I.  This is a petition under section 3213 of the General
Statutes of Nevada for leave to prove certain exceptions
which the trial court refused to allow in the settlement of
petitioner's statement on motion for a new trial.  This is the
first instance, so far as we know, in which a petition of this
character has been filed in this court, and this is the first
occasion upon which this court has been called upon to act
under the section referred to.  Section 3213 of the General
Statutes of Nevada, which is section 191 of the practice act,
is the same as section 189 of the old California practice act
of 1851, as amended in statutes of California, 1863, p. 360,
and is very much similar to section 652 of the present code
of civil procedure of the State of California.  Both sections
189 of the California practice act and section 652 of the
California code of civil procedure have been passed upon on
several occasions by the supreme court of that state, and the
decisions upon the subject are all to the effect that a petition
for leave to prove exceptions may be made at any time
before the submission of the motion for a new trial, and
some of them are even to the effect that such petition may
be filed after the hearing of the motion and before the hear-
ing of the appeal.  And those decisions are also uniform in
holding that not only the exceptions themselves may be
proven but so much of the facts and circumstances surround-
ing the taking of such exceptions as may be necessary to
explain them may also be proven.  In this action the state-
ment on motion for a new trial has been settled and certified
to by the judge of the lower court, and at the request of this
defendant and upon the order of this court the hearing of
defendant's motion for a new trial has been continued pend-
ing the decision upon this petition.  There is no question
therefore under the decisions to which we have referred that
this petition is filed in ample time.

II.  The subject of application to prove exceptions is very
clearly discussed in subdivision 2 of section 155 of Hayne
on New Trial and Appeal, and it is there said:  " The pro-
vision (section 189 of the California practice act, which is

identical in terms with the provision of section 3213 of General Statutes of Nevada) was not precise as to the time in which the application was to be made. Possibly it could be made as soon as the judge had refused to allow the exceptions as desired, and before the authentication of the statement. But against this it might have been plausibly argued that the refusal would not be final and irrevocable until the statement was certified, and that until then the judge should have the privilege of changing his mind. As soon as the certificate was signed, however, the application could be made; but within what time afterwards is not expressed. But it had to be made at least before the submission of the case in the supreme court." (Citing *Wormouth* v. *Gardner*, 35 Cal. 228.) We submit that, under the provisions of the statute above referred to and the decisions about to be cited, this petitioner has filed his petition in proper time, has followed the course required by the statute and designated by this court, and has made a sufficient showing and offered sufficient proof to entitle him to the allowance of his exceptions as prayed for in his petition. And especially is this the fact with regard to the offer and rejection of the statute of limitations of the State of New York where both parties agree as to what the actual offer, objection, ruling and exception were, and that the statement was not settled in accordance with the facts, the one point of difference being as to whether or not that which was left in the statement would be sufficient to answer the purposes of petitioner and upon which point the petitioner is not satisfied with the judgment and conclusion of the district judge or of the counsel for his adversary.

III. With regard to the refusal of certain instructions by the district judge and the endorsement of his reasons for such refusal on the said instructions, it may be said that a judge in refusing an instruction is not required to give his reasons therefor; but if he does give a reason, or file a written opinion, it seems to be required to be taken up on appeal (Gen. Stats. 3662), and no better or more convenient method has been suggested than that of embodying it in the statement on appeal. No good reason has been suggested why defendant is not entitled to his exceptions to the refusal to

give his instructions Nos. 11 and 12 in accordance with all of the facts including the facts of the reasons endorsed thereon. If these reasons could have been shown to the judge not to be good or sufficient reasons, the presumption must be that he would have given the instructions. If these reasons had been disclosed to counsel, they might have been able to produce before the judge an array of authorities sufficient to convince him that his reasons were not well founded. The instructions having been refused for specified written reasons endorsed thereon, we submit that the defendant and petitioner is entitled to his exceptions in accordance with the facts. And the same remarks apply to all of the other exceptions mentioned in the petition.

IV. The court will note in connection with the authorities about to be cited that this petition is a petition for leave to prove certain exceptions which the court refused to allow upon the settlement of the statement. In some of the cases in which the Supreme Court of the State of California was called upon to apply section 189 of the practice act and section 652 of the code of civil procedure, the petitions were not petitions to prove exceptions that had not been allowed, but were in fact petitions to have the statement or bill of exceptions corrected in some particular not touching the allowance or refusal of exceptions. (*Wormouth* v. *Gardner*, 35 Cal. 227–8; *Landers* v. *Landers*, 82 Cal. 480; *Frankel* v. *Deidesheimer*, 83 Cal. 44; *Hyde* v. *Boyle*, 86 Cal. 352; *Vance* v. *Superior Court*, 87 Cal. 390; *Cox* v. *Delmas*, 92 Cal. 652; *Estate of Hill*, 62 Cal. 186–7; *Baird* v. *Gleckler*, 52 N. W. 1097.)

V. We respectfully submit that the petition of the defendant William Hyams in this case meets every requirement of the decisions above referred to; that it is a petition for leave to prove certain disallowed exceptions; that in connection with the proof of these exceptions he is entitled to prove the surrounding facts, circumstances and evidence necessary to explain the exceptions which he claims the right to prove; that a petition of this character is in ample time when presented after the settlement of the statement and before the hearing of the motion for a new trial, and that, indeed, if it had been filed prior to the settlement it would have been

premature, for the reason that the judge of the trial court might at any time before the final settlement of the statement by him conclude to insert in the statement the exceptions which he had previously refused.

VI. And upon the question of proving the facts, circumstances and evidence surrounding the taking of the exceptions we respectfully submit that if the trial judge in considering the statement allows the facts and disallows the exceptions, or if he allows the exceptions and disallows the facts, in either case he has refused to allow the exception in accordance with the fact. For example, it is admitted by both parties that certain instructions were given and refused, but petitioner alleges that his exceptions were not allowed as taken, and, on the other hand, in the matter of the offer of the statute of limitations of the State of New York, that, although the exception was allowed to stand, the portion of the offer upon which the objection and exception were based was disallowed. We respectfully submit that in the proof of defendant's exceptions he is entitled to establish all of the surrounding facts and circumstances attending the taking of his exceptions in order that he may meet the requirements of the statute providing that the point of his exceptions shall be stated.

VII. Under our statute (Gen. Stats. 3212–3215), a complete exception seems to be made up of four parts or elements: (1) An offer of evidence or a request for an instruction or ruling. (2) An objection, generally coming from the opposite party, but sometimes from the court. (3) A ruling or decision by the court. (4) The final noting of the exception, and generally the order of the court that it be noted. It would seem, therefore, that it requires two lawyers and a judge to make an exception, and that no one of them has complete control over more than two parts of a complete exception; and it necessarily follows that unless the parts performed by each of the three actors are correctly set out and certified the exception cannot be complete in accordance with the facts. Gen. Stats. 3214, provides: "No particular form of exception shall be required; the objection shall be stated with so much of the evidence, or other matter, as is necessary to explain it, but no more, and the whole as briefly

as possible." What are the facts in relation to the exceptions which this defendant desires to prove? In one instance the defendant has offered in evidence a provision of the statute of limitations of the State of New York, to which offer the plaintiff objected. The court then ruled in favor of the plaintiff, and the defendant excepted. In another instance the defendant has requested certain instructions, to which the plaintiff has presented certain written objections specifically setting forth the grounds of objections, and the court has ruled in plaintiff's favor by refusing to allow defendant's requested instructions or in modifying them. In still another instance the plaintiff has requested certain instructions to which the defendant has presented written objections specifically setting forth the grounds of objection, and the court has ruled against defendant by giving the instructions over such objections, to which ruling the defendant has excepted.

VIII. Now, in all of these instances, although no particular form of exception is required under the express provision of the statute to that effect, yet, in order that the point of the exception may sufficiently appear, it is, we submit, necessary that each of these steps which together constitute the full exception should be set forth in the statement. When this is done certainly there is no necessity of setting forth in the statement the precise point of the exception, for it already sufficiently appears when the various steps that have led up to the taking of the exception have been enumerated. For instance, when a question has been asked of a witness by one counsel, and an objection, stating the grounds of such objection has been taken, and the court has either sustained or overruled the objection, and the party against whom the ruling has been made has noted an exception, and the court has ordered the exception to be allowed and noted—when all of these steps are set forth in the statement, they constitute the statement of the exception and the point of such exception appears upon the face of the statement. This, we submit, is fully in accordance with the requirements of the statute, and is precisely what this defendant is seeking permission to do in presenting this petition for leave to prove his exceptions.

IX. With regard to the instructions requested by the

plaintiff and given by the court, it may be said that defendant filed written objections to these instructions, in which he stated the grounds of his objections thereto; that these objections were argued before the court; that the court overruled such objections by giving the instructions, and that the defendant excepted to such ruling when he excepted to the giving of these instructions. Likewise, with regard to defendant's requested instructions refused by the court, it may be said that defendant requested certain instructions; that plaintiff filed written objections to these instructions, in which he stated the grounds of such objections; that these objections were argued before the court; that the court sustained such objections when it refused to give the instructions as requested, and that the defendant excepted to such ruling when he excepted to the refusal to give these instructions.

X. We respectfully submit that the defendant is entitled not only to prove the fact that he took such exceptions but also the facts surrounding the taking of such exceptions, for otherwise it cannot be truthfully said that the statement sets forth the exceptions in accordance with the facts. And in this connection we again respectfully direct the attention of the court to the language used in the case of *Vance* v. *Superior Court*, 87 Cal., at p. 392, where the court says: "In such a case, the party may prove, if he is able, in this court, that he did take such exception, and may prove, no doubt, in that connection, sufficient surrounding facts to show what the point of the exception is." Section 648 of the code of civil procedure of the State of California is practically identical with section 3214 of the General Statutes of this state, and under that section it is held that the point of the exception is sufficiently stated when the fact of the exception itself is stated together with so much of the evidence or other matter as is necessary to explain it. In order that the exceptions of this defendant to the instructions, both given and refused, may be made sufficiently to appear upon the face of the statement we submit that the defendant is entitled to have that statement show the fact that such instructions were requested and that they were objected to, that the objections stated the grounds thereof, that the court made its ruling

either sustaining or overruling the objections by giving or refusing to give the instructions, and that the defendant excepted to such ruling. And we submit that, when these facts do appear (and they do appear from the face of the statement as originally presented and before it was modified by striking from it the portions referred to in defendant's petition), the point of defendant's exceptions will appear and the exceptions will be stated in accordance with the requirements of the statute and in accordance with the fact.

*W. E. F. Deal* and *Edmund Tausky*, for Respondent:

I.  A petition for leave to prove an exception, filed after the statement has been settled by the judge of the district court, comes too late. Section 191 of the act to regulate proceedings in civil cases, approved March 8, 1869, is a literal copy of section 189 of the civil practice act of California, as amended April 20, 1863 (See Stats. Cal. 1863, p. 360), with the addition of the words, " and such exceptions as are allowed by said supreme court shall become a part of the record of the cause." The provisions of section 189 of the civil practice act of California have been incorporated in section 652 of the California code of civil procedure. In *Landers* v. *Landers*, 82 Cal. 480, the Supreme Court of California said (p. 482) that " Section 189 of the old practice act was (on this subject) the same as section 652 of the code." *Wormouth* v. *Gardner*, 35 Cal. 227, arose while the practice act was in force. All that was decided in that case was that a motion to correct a statement or exceptions is an original proceeding in the supreme court, and must be instituted by petition. (Section 189 of the practice act.) In *Landers* v. *Landers*, 82 Cal. 480, the distinction is pointed out between a proceeding under section 652 of the code and an application for a writ of *mandamus*, and it is held that where a judge refuses to settle any bill of exceptions or statement at all—that is, where he refuses to act—the remedy for such refusal, if wrongful, is *mandamus* to compel him to act; but that section 652 applies to cases where the trial judge in settling a bill refuses to allow an exception which ought to be allowed. The court further said (p. 481) that " the law does not impose upon the appellate court the general duty of

settling a bill of exceptions." In *Frankel* v. *Deidesheimer*, 83 Cal. 44, the Supreme Court of California said that the petitioner was charged with notice that. the judge might strike out the matter which was in fact stricken out, and that it did not appear that any request was made of the judge below to delay the settlement of the bill or a ruling on the motion for a new trial until an application could· be made to the supreme court to prove the exception desired, and that under the facts of the case the application was made too late. *Hyde* v. *Boyle*, 86 Cal. 352, 89 Cal. 590, is equally in point. See, also, *Vance* v. *Superior Court*, 87 Cal. 390. A case determinative of the question here raised is *Cox* v. *Delmas*, 92 Cal. 652.

II. If not too late, nothing but exceptions can be proven. The statute says "that if the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same," etc. It is therefore only an exception taken at the proper time and in the proper manner which may be proven. This was emphasized by the Supreme Court of California in *Vance* v. *Superior Court*, 87 Cal. 390. The court there held that under the statute only exceptions may be proven. It was argued by counsel for petitioner that no "narrow" construction should be given to the statute. In response to this contention, the court said (p. 392): "No interpretation can be justly called 'narrow' which follows statutory language, which is itself *ex industria* narrow. When section 652 was enacted the statutory general law— in accordance with the inherent distinction between trial and appellate courts—was that the judge of the trial court alone should make that record, which otherwise would not be record, by settling statements and bills of exceptions, and that the appellate court should act upon records as they came to it. ·If the legislature had intended to entirely over-turn that ancient rule, and to send the appellate down into the trial court to construct for the latter an entire history of a trial there, it certainly would not have confined itself to the 'narrow' language which it employs. But it evidently approached the subject with the greatest caution. ·It said nothing about statements on motion for new trial, or about

what evidence, or what history of proceedings generally, should go into statements or general bills of exceptions, nor did it undertake to give this court general power to reconstruct such statements or bills, or determine what evidence should go into or be stricken out of them. If refers solely to a case where the judge is charged with having refused to allow an exception; that is, where a party claims that he made 'an objection upon a matter of law to a decision made' by the court, and took an exception to the decision, and the court refuses to certify, in a bill or statement, that such an exception was taken, or that such an occurrence took place." Petitioner, in the case at bar, practically seeks to have this court revise the work of the trial judge in settling the statement and seeks to prove many matters besides alleged exceptions.

III.   Orderly practice requires that there shall be but one statement, complete in itself, on motion for a new trial or on appeal, and not that the statement shall be contradicted by some other record, as would be the case if this court, after the statement has been certified by the trial judge, were to allow an exception which he had refused to allow.   The statute (Gen. Stats. 3212) declares that "an exception is an objection taken at the trial to a decision upon a matter of law."

IV.   It is an objection to a decision upon a matter of law. It is taken by the party against whom the decision is made. Of course, an offer, objection and ruling, generally precede an exception, but none of these are a part of an element of the exception.   Until the ruling is made, it is not known against whom it will be, or who will be entitled to the exception.

V.   Counsel for petitioner prepared the statement, and seems to blame the district judge for his own work.   Petitioner's counsel took the reporter's transcript and inserted it as part of the statement without revison or correction.   He was not obliged to do this.   If anything was incorrectly or insufficiently stated in the reporter's transcript, petitioner had the right, when preparing his statement, to make such statement accord with the facts.   Counsel for petitioner himself made pages 95 and 96 of the reporter's transcript, a part

of the statement, and then, on page 208 of the statement, sought to repeat the matters appearing on pages 123–4, and to add thereto. The district judge accepted the matter taken from the reporter's transcript and discarded the other. Petitioner has himself to blame, therefore, if he did not state the matter fully enough in its proper place. But, be that as it may, we do not concede that the matter on pages 123–124 is not sufficiently full for all practical purposes.

VI. The reasons for refusing an instruction are not properly a part of the statement. The statute provides that appeals may be taken from certain judgments and orders. (Gen. Stats. 3352, as amended February 28, 1887, Stats. 1887, p. 92.) It further provides what the transcript on appeal shall contain. (Gen. Stats. 3362.) Amongst other things, this section provides that "if any written opinion be placed on file in rendering judgment or making the order in the court below, a copy shall be furnished." The judgment or order referred to is the judgment or order from which the appeal is taken—the final judgment of the district court or an appealable order, such as an order denying a motion for a new trial.

VII. This case was tried by a jury. The court therefore did not render judgment, but judgment was entered upon the verdict. Rulings in the course of the trial upon offers of evidence or requests for instructions and the like are not appealable orders, and the statute does not contemplate that every remark of the judge in making a ruling shall be incorporated in the transcript.

*Per Curiam:*

The petitioner, William Hyams, filed his verified petition in this court, in which it is alleged that on the 17th day of May, 1899, a verdict was rendered in said action in the First Judicial District Court in favor of the plaintiff, and against the petitioner, for the sum of $14,475, and costs.

It is alleged that petitioner in due time filed his notice of motion for new trial in said action, and his statement on motion for new trial and on appeal; that said statement has been finally certified and settled by Hon. C. E. Mack, judge of said district court; that upon the settlement of said state-

ment said judge of said district court refused to allow several certain exceptions taken by the petitioner, by and through his counsel, in accordance with the facts existing at the time said exceptions were taken.

And it is specified in the petition that the plaintiff filed a demurrer to the defendant's answer, and a motion to strike out all that portion of the answer referred to in subdivision 5 of the demurrer; that said demurrer and motion were argued and submitted together; that on the 22d day of December, 1898, the court sustained said demurrer as to sub-division 5 thereof, and granted said motion to strike out said portion of said answer; that petitioner duly excepted, and now excepts, to the sustaining of said subdivision 5 of said demurrer, and the granting of said motion to strike out said portions of said answer, " and has assigned the same as error in his said statement"; that the said judge, in settling said statement, struck out said exception and assignment of error, and inserted the following, to wit:   " Said order sustaining plaintiff's motion to strike out portions of the answer of defendants was not excepted to by either of defendants or their counsel, and no bill of exceptions thereto was ever served, filed, or settled."

It is reiterated in the petition that the petitioner has duly excepted to the sustaining of said subdivision 5 of said demurrer, and to the granting of said motion to strike out said portion of said answer.

It is alleged that on the 25th day of August, 1899, the petitioner filed a bill of exceptions to the granting of said motion to strike out; that said bill was settled by said judge; that, in the settlement of the said bill of exceptions, said judge struck out therefrom all reference to said ruling and to defendants' exception thereto.

And it is alleged that, by reason of the facts aforesaid, the said judge has refused to allow plaintiff's said exception to the order sustaining subdivision 5 of said demurrer, and to granting said motion to strike out said portions of said answer in accordance with the facts.

It is further alleged that, upon the trial of said action, the petitioner made, through his counsel, a certain offer; that an objection was made thereto by plaintiff's counsel; that said

objection was sustained, and defendant took an exception thereto, to wit: "The full offer of the statute of limitations of New York, referred to on pages 95 and 96 of the stenographer's report, and the objections and exceptions to the rulings, are as follows." The alleged offer is stated, and the objections of the plaintiff thereto given, and then is added: "Objections sustained. Defendant excepts."

It is then alleged that said offer, objections, rulings, and exceptions were set out in full in said statement on motion for new trial and on appeal, and that the judge, upon settlement of said statement, refused to allow defendant's exception, in accordance with the facts, but struck the same from the statement.

It is further alleged " that, at the trial of said cause, Mrs. Anna M. Warren, a competent and trustworthy shorthand reporter, was, by agreement of the respective parties and by order of the court, appointed and authorized, and duly sworn, to take the testimony in the case, and report the proceedings therein, and to transcribe the same, and file one copy with the clerk for the use of the court, and to deliver one copy to counsel on each side of the case; that said testimony and proceedings were so taken and written out by said shorthand reporter so authorized to make the same, and a copy thereof filed with the clerk of said district court in said case."

It is alleged that the court gave certain instructions to the jury at the request of the plaintiff; that defendant filed certain objections to said instructions in writing; that, before the retirement of the jury in said cause, petitioner's counsel arose, and excepted to the giving of each and all of said instructions, upon the grounds and for the reasons stated in said objections on pages 225 and 227, both inclusive, of said statement; that, upon the settlement of said statement, said judge refused to allow the petitioner's said exceptions in accordance with the facts, but struck the same out.

It is alleged that the petitioner requested certain instructions to be given to the jury, which instructions the court modified and gave; that the petitioner's counsel at the trial, and before the retirement of the jury, arose and excepted to the modifications of each of said instructions; that said exceptions were set out and stated on page 228 of said state-

ment; that upon the settlement of said statement, said judge refused to allow said exceptions in accordance with the facts as set out in said statement, but struck the same therefrom.

It is alleged that the court refused to give certain instructions asked for by the petitioner for certain reasons indorsed thereon, and that in the settlement of said statement the judge struck out said indorsed reasons.

It is alleged that instruction No. 14 of the defendants was refused by the court; that the last word in said instruction, as it was in fact presented to the court, read "plaintiff"; that said last word should have been, and was intended by petitioner's counsel to be, " defendant," but that by some clerical or typographical error or mistake it was written "plaintiff"; that petitioner inserted said instruction in his statement with said word reading " defendant"; that, upon the settlement of said statement, said judge struck from the instruction said last word, " defendant," and inserted in lieu thereof the word " plaintiff"; and that by so doing said judge refused to allow defendant's exception to the refusal to give said instructions according to the facts as in fact existing and as understood at the time of said request and refusal.

The petitioner refers to said statement on motion for new trial and on appeal, and to the testimony, records, and proceedings, etc., in the court below, and asks that they be taken to be a part of his petition, with the same force and effect as if herein fully set forth.

The petitioner prays that a time may be set for the hearing of the petition, and that petitioner be allowed to prove said exceptions, and that thereupon said exceptions, each and all of them, be allowed, and made a part of the record in said action.

The court gave the petitioner time to file affidavits, and to produce any of the records made in the trial court he wished, in support of said petition, and gave the respondent time to file counter affidavits, and any of said records he might choose, in opposition. The petitioner filed several affidavits, and presented to this court his statement on motion for new trial, the transcript of the testimony, and of the proceedings made by the reporter. The respondent filed several counter affidavits. The affidavits on each side set forth a great

many alleged facts which are entirely immaterial and wholly foreign to any matter properly involved in this proceeding.

With respect to the alleged exceptions taken to the ruling of the court sustaining said demurrer, and granting said motion to strike out said portions of the answer, it appears that the court granted said motion on the 22d day of December, 1898, and that no ruling was made on said demurrer. It appears that no exception was taken to the order granting said motion until the 25th day of August, 1899, over three months after the trial of the case, and over eight months after said order and ruling were made. On that day petitioner filed his bill of exceptions to the said order, and to an order made overruling his demurrer to the complaint, and · therein it is stated " that defendant William Hyams hereby excepts to the making and entry of each of said orders."

Section 3784, Gen. Stats., provides: " During the progress of a cause a party may take his bill of exceptions to the admission or exclusion of testimony, or to the rulings of the judge on points of law. * * *" The alleged exception was properly disallowed, it not having been taken in proper time.

In reference to the alleged offer of counsel concerning the statutes of New York, it appears that in the said statement, on motion for new trial, the said offer was enlarged from the offer shown to have been made at the trial by said transcript made by the reporter, and that said statement contained alleged facts, with respect to the exceptions of the petitioner to the giving, the refusal to give, and to the modification of certain instructions, different from what are contained in said transcript; yet the petitioner refers to his said statement on motion for new trial, asks that it be considered a part of his petition, and he introduced it in evidence herein, and in his said statement, after stating that Mrs. Warren, by agreement of the parties and by order of the court, was appointed and authorized and duly sworn to take the testimony in the case and report the proceedings, and that she did so report the testimony and proceedings and transcribe the same, the petitioner says "that such testimony was given in evidence and rejected, and that objections were made, and rulings made and had and exceptions taken, as are therein set forth.

Said report and transcript of the testimony, proceedings, objections, rulings, and exceptions are as follows." Then immediately following is inserted in said statement a copy of said transcript. We have examined said transcript and said statement several times carefully, and, if the court refused to allow any exception which is shown by said transcript to have been taken by petitioner "as therein set forth," we have been unable to find it.

Petitioner now claims that said transcript does not set forth correctly his objections and exceptions taken at the trial in regard to the said instructions. The said reporter, by her affidavit, avers " that, after the instructions asked and given to the jury in said action were read to the jury by the Honorable C. E. Mack, judge of said district court, affiant took down correctly in shorthand, and afterwards typewrote, the proceedings in the case, and exceptions taken by the attorneys for the respective parties in said action in excepting to the instructions, and that the following is a correct copy of her notes in shorthand taken at the time, and typewritten by affiant, which is hereto annexed, and marked 'Exhibit A,' " etc.

Then follows a copy of a part of said transcript containing the exceptions taken as to the instructions. She further testifies: "Affiant further says that no particular point of any exception was taken by defendant's attorneys, or either of them, or was stated during said trial or afterwards, and that the failure to state the ground or particular point of exceptions was the subject of comment by W. E. F. Deal, one of plaintiff's attorneys, to affiant immediately after said jury retired to consider their verdict." The above affidavit of the reporter is corroborated by the affidavits of several other affiants. That the court struck out its reasons given for refusing certain instructions in settling said statement we regard as being wholly immaterial, and a matter we have nothing to do with in this proceeding. The said statement shows that said instructions were refused, and that petitioner excepted to such refusal.

As to the allegations of the petition concerning defendant's instruction No. 14, it appears that the court restored the word "plaintiff," as it was in the instruction when presented to the

court and refused to be given, in place of the word "defend-ant," as it appeared in said statement. This was making the statement conform to the facts with respect to said instruction when it was refused to be given, and in so doing the court did not certainly refuse to allow the petitioner the exception he took at the trial. The exception, as taken, was allowed.

Section 3213 of the General Statutes, on which petitioner bases this proceeding, provides: "The point of the exception shall be particularly stated, and may be delivered in writing to the judge, or, if the party require it, shall be written down by the clerk. When delivered in writing or written down by the clerk, it shall be made conformable to the truth, or be at the time corrected until it is so made conformable. When not delivered in writing or written down by the clerk as above, it may be entered in the judge's minutes and afterwards settled in a statement of the case as provided in this act; *provided*, that if the judge shall in any case refuse to allow any exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as the supreme court may by rules impose, and such exceptions as are allowed by said supreme court, shall become a part of the record of the cause."

If the petitioner had complied with the above provisions of the statute in taking his exceptions, there could have been made at the proper time and in the manner prescribed by statute a record of the exceptions taken, such as would have obviated any question as to what the exceptions were and how taken.

This court would not be justified in allowing exceptions alleged to have been taken and refused simply on the con-flicting statements of witnesses based upon their memory of what occurred, but in such case the action of the court in reference to such exceptions, in its settlement of the state-ment of the case, either on motion for new trial or on appeal, or in settling a bill of exceptions, must be regarded as being correct.

It not appearing that the court refused any exception of

the petitioner as is set forth in said transcript of the testimony and proceedings by the said reporter, and said transcript being a record kept of said testimony and proceedings by agreement of the parties and authority of the court, and the only record kept thereof, the petition herein must be dismissed.

It is so ordered.